# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASMINE LEWIS,

    Plaintiff,

v.              Case No.  05-C-425

MILWAUKEE POLICE DEPARTMENT,

    Defendant.

## AMENDED DECISION AND ORDER[1]

On April 13, 2005, the *pro se* plaintiff Jasmine Lewis ("Lewis") filed her complaint in this Court alleging a violation of her civil rights based on race and sex discrimination by the Defendant. On June 13, 2005, the Defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that the named defendant, the Milwaukee Police Department, was not an entity that could sued. In response to this motion, on July 22, 2005, Lewis moved the Court to amend the caption of her complaint to identify the City of Milwaukee as the sole defendant. The Court now addresses these motions.

---

[1]This Amended Decision and Order replaces the Decision and Order issued by the Court on August 26, 2005. The present Order corrects the fourth sentence of the first paragraph appearing on page four to now read "The Court informs Lewis that her *pro se* status does not exempt her from complying with the Federal Rules of Civil Procedure or this Court's own local rules." Except for that change, this Amended Decision and Order is identical to its predecessor.

Without commenting on the merits, the Court notes that the Defendant has accurately stated the law in its one-page motion to dismiss. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, state law controls on the question of whether an entity has the capacity to be sued. Fed. R. Civ. P. 17(b); *see also Grow v. City of Milwaukee*, 84 F. Supp. 2d 990, 995-96 (E.D. Wis. 2000). Section 62.50 of the Wisconsin Statutes, the provision governing police departments, does not allow such departments to be sued. Wis. Stat. § 62.50. At any rate, police departments are considered agents of the cities for which they work. *See Grow*, 84 F. Supp. 2d at 995-96 (citing *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678-79 (E.D. Wis. 1999); *Abraham v. Piechowski*, 13 F. Supp. 2d 870, 879 (E.D. Wis. 1998)).

Lewis, likely thinking that the Defendant might be onto something, asked the Court to amend her complaint to name the proper defendant. This request was conveyed in a letter received by the Court on July 22, 2005. The Defendant responded to Lewis's "motion" in a letter dated August 15, 2005. In that letter, the Defendant stated that, while it had not received a copy of Lewis's motion, it nevertheless waived any right to respond. The Court understands the Defendant's response as an acknowledgment that a grant of dismissal would simply mean that Lewis would re-file her action. In other words, allowing Lewis to amend her complaint negates the grounds for the Defendant's motion to dismiss. Despite the Defendant's waiver, Lewis will not be allowed to amend her complaint just yet.

Lewis has failed to comply with Civil Local Rule 15.1 (E.D. Wis.), which identifies this Court's procedures for amending pleadings. (A copy of the local rules may be found on

2

the Court's website at www.wied.uscourts.gov/.) Once a court grants a motion to amend a pleading, the clerk of court files the amended pleading in the action. In the present case, there is no amended complaint for the clerk to file because Lewis has not submitted one. Instead, she has simply identified those changes she wishes to make without providing a revised document incorporating those modifications.

Requiring the submission of a proposed amended pleading is not simply a technicality or formality. While Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires," courts must assess various factors when considering a proposed amendment. *See* Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182-83 (1962). Without a proposed amended pleading to consider, the Court is unable to make these assessments or properly evaluate the motion to amend. Furthermore, the Defendant is placed at a disadvantage if it must decide whether to contest a motion to amend when it has not been provided with a copy of the proposed amended pleading.

In the instant case, the Court will not attempt to interpret those changes that Lewis proposes. In addition to requesting a change in the caption of her case, Lewis's July 22, 2005 letter states "I'm also requesting the current case to be amended to include the second part of my complaint current on the job retaliation from Officers and Supervisors. Which I have received the right to sue from the E.E.O.C." It is uncertain if Lewis wishes to add a claim for retaliation, allegations supporting a claim for retaliation, or some other possibility. The submission of a proper amended pleading would answer these questions.

3

There is another problem with Lewis's filing: the Defendant did not receive a copy. Lewis is directed to Rule 5 of the Federal Rules of Civil Procedure. It is important that Lewis properly send a copy to the Defendant of every document that she files with this Court. The Court informs Lewis that her *pro se* status does not exempt her from complying with the Federal Rules of Civil Procedure or this Court's own local rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Failure to comply with these rules may severely hinder her ability to prosecute her action and may even lead to dismissal of the same.

The Court will treat Lewis's July 22, 2005 letter as a motion to amend, but one submitted without the requisite copy of the proposed amended pleading. Thus, she will have the opportunity to cure any defect by submitting the missing attachment to her motion–i.e., the proposed amended complaint–to the Court and her adversary consistent with the Federal Rules of Civil Procedure and the local rules of this Court. The Court, once it has received this currently missing attachment, will once again take up consideration of her motion to amend.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Lewis **SHALL** submit a copy of her proposed amended complaint no later than September 9, 2005. Once received, the Court will resume consideration of Lewis's motion to amend. If the Court has not received Lewis's proposed amended complaint by that date, the Court will deny her motion to amend and adjudicate the Defendant's pending motion to dismiss.

Dated at Milwaukee, Wisconsin this 30th day of August, 2005.

**BY THE COURT**

s/ Rudolph T. Randa

_____

**Hon. Rudolph T. Randa
Chief Judge**