# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASMINE LEWIS,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No.　05-C-425**

**CITY OF MILWAUKEE,**

        **Defendant.**

## DECISION AND ORDER

On April 13, 2005, the plaintiff Jasmine Lewis ("Lewis") filed her complaint in this Court alleging a violation of her civil rights based on race and sex discrimination by the Defendant. Currently before the Court are the Defendant's motion to dismiss and Lewis's motion to amend her complaint.

On June 13, 2005, the Defendant moved to dismiss Lewis's original complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that the named defendant, the Milwaukee Police Department, was not an entity that could sued. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, state law controls on the question of whether an entity has the capacity to be sued. Fed. R. Civ. P. 17(b); *see also Grow v. City of Milwaukee*, 84 F. Supp. 2d 990, 995-96 (E.D. Wis. 2000). Section 62.50 of the Wisconsin Statutes, the provision governing police departments, does not allow such departments to be

sued. Wis. Stat. § 62.50. At any rate, police departments are considered agents of the cities for which they work. *See Grow*, 84 F. Supp. 2d at 995-96 (citing *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678-79 (E.D. Wis. 1999); *Abraham v. Piechowski*, 13 F. Supp. 2d 870, 879 (E.D. Wis. 1998)).

In response to the Defendant's motion, on July 22, 2005, Lewis, via letter, moved the Court to amend the caption of her complaint to identify the City of Milwaukee as the sole defendant and to further add claims to her action. In order dated August 26, 2005[1], the Court stated that it would consider Lewis's amendments once she actually submitted an amended filing, instead of a letter identifying changes that she wished to make. Of course, the Court does not need to consider Lewis's motion to amend insofar as she is entitled to amend her complaint once, as of right, prior to the filing of a responsive pleading. *See* Fed. R. Civ. P. 15(a); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984) (stating that a motion to dismiss is not a responsive pleading) . In other words, no motion to amend was even necessary.

Nevertheless, while a motion to amend was unnecessary, the receipt by the Court and Lewis's adversary of an amended complaint was required. In its order, the Court explained that, while it was clear that Lewis wished to change the named defendant in her action, the other amendment(s) described in her letter were not clear. An amended complaint would clarify all and any changes she intended. The Court, therefore, provided Lewis with a date

---

[1] An amended version of the order was issued on August 30, 2005 for the purposes of correcting a typographical error.

2

certain by which she needed to submit her amended pleading to the Court and her adversary. If Lewis failed to submit an amended pleading, the Court warned, the Defendant's pending motion to dismiss the original complaint would be adjudicated.

On September 9, 2005, the Court received Lewis's amended complaint, which names the City of Milwaukee as the sole defendant to her action. Insofar as Lewis was permitted to amend her complaint as of right, and, further, insofar as the alleged defect that formed the basis of the Defendant's motion to dismiss has been removed, the Court will deny the pending motion to dismiss. As previously stated, Lewis was not required to move the Court to amend her complaint in the first instance. Thus, insofar as her letter of July 22, 2005 is construed as a motion to amend, it is dismissed as moot.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Lewis's Motion to Amend (Docket No. 6) is **DISMISSED** as moot.

The Defendant's Motion to Dismiss (Docket No. 4) is **DENIED**.

The clerk of court **SHALL** change the caption in this action to identify the City of Milwaukee as the sole defendant named in Lewis's action, effective September 9, 2005, the date on which Lewis's amended complaint was filed.

Dated at Milwaukee, Wisconsin this 14th day of September, 2005.

        BY THE COURT


        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**